IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC, | |
| Plaintiff, | C.A. No. 1:22-cv-00413-CFC |
| v. | |
| BLOOMBERG L.P., | JURY TRIAL DEMANDED |
| Defendant. | |

**DEFENDANT BLOOMBERG'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Bloomberg L.P. ("Bloomberg") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Nimitz Technologies LLC's ("Plaintiff's") Complaint ("Complaint"). Bloomberg denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

1.      Bloomberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      Bloomberg admits that it is a limited partnership and existing under the laws of Delaware with a registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

---

[1] To avoid doubt, Bloomberg denies liability for any allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION AND VENUE

3.    Bloomberg admits the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code. Bloomberg admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent. Bloomberg denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Bloomberg denies any remaining allegations in Paragraph 3 of the Complaint.

4.    Bloomberg does not contest whether this District has personal jurisdiction over it in this case, but Bloomberg denies it has committed or is committing acts of infringement in this District or anywhere else. Bloomberg admits that it is an entity organized under the laws of Delaware. Bloomberg denies any remaining allegations in Paragraph 4 of the Complaint.

5.    Bloomberg does not contest that venue may be proper in this District in this case, but denies that venue is convenient in this case. Bloomberg denies that it has committed or is committing acts of infringement in this District or anywhere else. Bloomberg denies any remaining allegations in Paragraph 5 of the Complaint.

## PATENT 7,848,328

6.    Bloomberg admits that a purported copy of U.S. Patent No. 7,848,328 (the "'328 Patent") is attached to the Complaint as Exhibit 1 and that the face of the '291 Patent indicates that it is titled "Broadcast Content Encapsulation," and issued on December 7, 2010. Bloomberg denies any remaining allegations in Paragraph 6 of the Complaint.

7.    Bloomberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.    Bloomberg denies the allegations in Paragraph 8 of the Complaint.

9.     Bloomberg admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 9 of the Complaint.

10.     Bloomberg admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 10 of the Complaint.

11.     Bloomberg admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 11 of the Complaint.

12.     Bloomberg admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 12 of the Complaint.

13.     Bloomberg admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 13 of the Complaint.

14.     Bloomberg admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 14 of the Complaint.

15.     Bloomberg denies the allegations in Paragraph 15 of the Complaint.

16.     Bloomberg admits that the '328 Patent and its prosecution history speaks for itself, but denies any characterizations inconsistent therewith. Bloomberg denies any remaining allegations in Paragraph 16 of the Complaint.

17.     Bloomberg denies the allegations in Paragraph 17 of the Complaint.

18.   Bloomberg denies the allegations in Paragraph 18 of the Complaint.

19.   Bloomberg denies the allegations in Paragraph 19 of the Complaint.

20.   Bloomberg denies the allegations in Paragraph 20 of the Complaint.

## COUNT I – [ALLEGED] INFRINGEMENT OF THE '328 PATENT

21.   Bloomberg incorporates by reference paragraphs 1–20 above.

22.   Bloomberg denies the allegations in Paragraph 22 of the Complaint.

23.   Bloomberg denies the allegations in Paragraph 23 of the Complaint.

24.   Bloomberg denies the allegations in Paragraph 24 of the Complaint.

25.   Bloomberg denies the allegations in Paragraph 25 of the Complaint.

26.   Bloomberg is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

## JURY DEMAND

Bloomberg is not required to respond to Plaintiff's demand for a jury trial.

## PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Bloomberg denies that Plaintiff is entitled to any judgment against Bloomberg and/or an order granting relief in any of the forms requested in parts A–C.

## AFFIRMATIVE DEFENSES

Bloomberg's Affirmative Defenses are listed below. Bloomberg reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

4

## I.     FIRST AFFIRMATIVE DEFENSE

Bloomberg has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 7,848,328 (the "'328 Patent").

## II.     SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '328 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## III.     THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the '328 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Bloomberg's actions allegedly infringe the '328 Patent, Bloomberg is not liable to Plaintiff for the acts alleged to have been performed before Bloomberg received actual notice that it was allegedly infringing the '328 Patent.

## IV.     FOURTH AFFIRMATIVE DEFENSE

The claims of the '328 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Bloomberg.

## V.     FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Bloomberg infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the '328 Patent.

## VI.     SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '328 Patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.

## VII.    SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## VIII.    EIGHTH AFFIRMATIVE DEFENSE

Should Bloomberg be found to infringe any valid, enforceable claim of the '328 Patent, such infringement was not willful.

## BLOOMBERG'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Nimitz Technologies LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Bloomberg L.P. ("Bloomberg") alleges as follows:

## I.    PARTIES

1.    Bloomberg is a limited partnership organized and existing under the laws of the State of Delaware with its headquarters at 731 Lexington Avenue, New York, NY 10022.

2.    Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas limited liability corporation having an address at 3333 Preston Road STE 300, #1047, Frisco, TX 75034.

## II.    JURISDICTION

3.    Bloomberg incorporates by reference Paragraphs 1–2 above.

4.    These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.    Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6.      Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

### III.      COUNT I: DECLARATION REGARDING NON-INFRINGEMENT

7.      Bloomberg incorporates by reference Paragraphs 1–6 above.

8.      Based on Counterclaim Defendant's filing of this action and at least Bloomberg's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Bloomberg infringes U.S. Patent No. 7,848,328 (the "'328 Patent").

9.      Bloomberg does not infringe at least Claim 1 of the '328 Patent because, *inter alia*, the "Accused Instrumentality" does not perform the steps of: (1) "mapping, with at least one processor, each of a plurality of data streams related to a specific content to a different component of a service delivering multiple versions of the specific content"; (2) "encapsulating each data stream of the plurality into a stream of packets according to a first communication protocol, wherein, as to each of the packet streams, the packets have a value in a common field identifying the component mapped to the data stream encapsulated by the packet stream"; or (3) "forwarding the packet streams for transmission in a transmission channel, and wherein the mapping further comprises assigning a specific value to each component for a predefined field of a packet according to a second communication protocol, the specific value distinguishing the component from other components, and the encapsulating comprises encapsulating the packet streams according to one or more lower layer protocols without encapsulating the packet streams according to the second communication protocol."

10.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Bloomberg requests a declaration by the Court that Bloomberg has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '328 Patent.

## IV.   COUNT II: DECLARATION REGARDING INVALIDITY

11.     Bloomberg incorporates by reference Paragraphs 1–10 above.

12.     Based on the filing of this action and at least Bloomberg's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '328 Patent.

13.     The claims of the '328 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 7,936,818; and/or U.S. Patent Publ'n No. 2003/0233464; 2008/0285497.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Bloomberg requests a declaration by the Court that the claims of the '328 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## V.   PRAYER FOR RELIEF

WHEREFORE, Bloomberg asks this Court to enter judgment in Bloomberg's favor and against Counterclaim Defendant by granting the following relief:

a)     a declaration that Bloomberg does not infringe any valid claim of the '328 Patent that may be enforceable;

b)     a declaration that the '328 Patent is invalid;

c)     a declaration that Counterclaim Defendant take nothing by its Complaint;

d)     judgment against Counterclaim Defendant and in favor of Bloomberg;

e)     dismissal of the Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Bloomberg of its costs and attorneys' fees incurred in this action; and

g)     further relief as the Court may deem just and proper.

## VI.     <u>JURY DEMAND</u>

Bloomberg hereby demands trial by jury on all issues.

Dated: May 12, 2022                  FISH & RICHARDSON P.C.

By:   */s/ Jeremy D. Anderson*
       Jeremy D. Anderson (#4515)
       222 Delaware Ave., 17th Floor
       P.O. Box 1114
       Wilmington, DE 19801
       (302) 652-5070 (Telephone)
       janderson@fr.com

       Neil J. McNabnay
       Lance E. Wyatt
       1717 Main Street, Suite 5000
       Dallas, TX 75201
       (214) 747-5070 (Telephone)
       mcnabnay@fr.com
       wyatt@fr.com

       **ATTORNEYS FOR DEFENDANT**
       **BLOOMBERG L.P.**