## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>        v.<br><br>CNET MEDIA, INC.,<br>    Defendant. | C.A. No. 1:21-cv-01247-CFC |
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>        v.<br><br>BUZZFEED, Inc.,<br>    Defendant. | Case No. 1:21-cv-01362-CFC |
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>        v.<br><br>IMAGINE LEARNING LLC,<br>    Defendant. | Case No. 1:21-cv-01855-CFC |
| NIMITZ TECHNOLOGIES LLC,<br>    Plaintiff,<br><br>        v.<br><br>BLOOMBERG L.P.,<br>    Defendant. | Case No. 1:22-cv-00413-CFC |

## PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE

The Court issued a Memorandum Order on November 10, 2022, requiring Plaintiff Nimitz Technologies LLC ("Nimitz") to produce certain documents. (D.I. 27, hereafter "Order").[1] Nimitz filed a petition with the Federal Circuit Court of Appeals for a writ of mandamus to reverse the Memorandum Order, and the Federal Circuit ordered Defendants to respond and stayed the Order pending resolution.

On December 8, the Federal Circuit denied Nimitz's petition and lifted the stay. However, the Federal Circuit has not issued a mandate returning the case to the district court.

On December 14, 2022, the Court issued a Memorandum Order "that no later than December 21 , 2022, Nimitz shall show cause as to why it should not be sanctioned for failure to comply with the November 10 Memorandum Order." (D.I. 37).

I. **The District Court Has No Jurisdiction Until Mandate Issues**

Nimitz respectfully states that the Court has no jurisdiction with respect to the Order because the Federal Circuit had not yet issued a mandate returning the case to the district court. Nothing in the Federal Rules of Appellate Procedure or

---

[1] All D.I. references are to CA 21-1247.

the Federal Circuit Rules exempts this case from the normal rule that the case is returned to the district court with the mandate. Cf., Fed. R. App. P. Rule 41 and Federal Circuit Rule 41.

>The Federal Circuit's explanation of Federal Circuit Rule 41 states that:
>
> Mandate
>
> The court issues its mandate, which returns the case to the originating tribunal, seven days after either the time to file a petition for rehearing expires or the court denies the petition for rehearing. In some cases, the court may shorten or extend the time to issue the mandate. See Fed. R. App. P. 41.

https://cafc.uscourts.gov/home/case-information/case-filings/judgments/#:~:text=writ%20of%20certiorari.-,Mandate,R.

## II. Nimitz Cannot Produce Documents Because That Would Moot Its Appellate Process

If Nimitz' understanding of the law is in error and Nimitz was required to produce the documents before the mandate issued, Nimitz respectfully requests that Order remain stayed pending the completion of the appellate process. Nimitz is filing a Combined Petition For Panel Rehearing Or Rehearing En Banc with the Federal Circuit in which Nimitz notes at least two lines of Supreme Court authority that should result in reconsideration of the Panel's decision to deny a writ of mandamus. Nimitz cannot produce the documents specified in the Order during this process, because such production moot Nimitz' Petition.

3

The law is that if one party agrees to the demand of the other party as to the matter in suit, the courts lose jurisdiction. Thus, in *Alvarez v. Smith*, 558 U.S. 87 (2009) the issue was whether Illinois law provides a sufficiently speedy opportunity for an individual, whose car or cash police have seized without a warrant, to contest the lawfulness of the seizure. In that case, the Supreme Court accepted certiorari but then learned at oral argument that the State had returned all the cars that it seized, and the individual property owners have either forfeited any relevant cash or have accepted as final the State's return of some of it. The Court dismissed the case for lack of jurisdiction:

> The Constitution permits this Court to decide legal questions only in the context of actual "Cases" or "Controversies." U.S. Const., Art. III, § 2. An "'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" … In this case there is no longer any actual controversy between the parties about ownership or possession of the underlying property.

558 U.S. at 92 (internal citation omitted). See also *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021) ("And if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot.")

The Court's Memorandum Order requires Nimitz to potentially disclose its privileged documents relating to the investigation that the Court is conducting not for the purpose of determining privilege, but for consideration on the merits. That the production would be *in camera* does not obviate the fact that the Court is

demanding Nimitz' privilege documents so that the Court can consider them in its investigation. The ordered production is unprecedented and, Nimitz believes, contrary to well-established law. The Order is equivalent to a federal prosecutor or grand jury demanding from the targets being investigated their privileged documents generated in defense of the investigation.

Nimitz should not be denied its opportunity for appellate review, and, thus, should not be compelled to moot its appeal.

                                                         Respectfully Submitted,

December 21, 2022                      */s/ George Pazuniak*
                                          GEORGE PAZUNIAK
                                          824 North Market Street, Suite 1001A
                                          Wilmington, DE 19801
                                          D: (207) 359-8576
                                          gp@del-iplaw.com

                                          *Attorney for Nimitz Technologies LLC*

## Certificate of Compliance

This brief complies with the Standing Order and was prepared in a proportionally spaced, 14-point font and contains 653 words.

                                                            */s/ George Pazuniak*
                                                           George Pazuniak (DE Bar No. 478)