# APPENDIX
# EXHIBIT MM

## PATENT ASSIGNMENT AGREEMENT

This Patent Assignment Agreement ("Agreement"), made and entered into as of the date of the last signature set forth on the signature page below (the "Effective Date"), by and between Magnolia Licensing LLC ("Assignor"), a limited liability company organized under the laws of the Texas having offices at 13359 North Highway 183, Suite 406-733, Austin, TX 78750 and Lamplight Licensing LLC ("Assignee"), a limited liability company organized under the laws of the State of Texas having office at 3571 Far West Blvd #3144, Austin, TX 78731 (each a "Party" and collectively the "Parties").

## WITNESSETH:

WHEREAS, Assignor is the owner of all rights, title and interest in and to the inventions (the "Inventions") as described and claimed in the Patents and Related Patents;

WHEREAS, Assignor wishes to transfer, assign and set over unto Assignee, and Assignee shall accept and assume, all rights, title and interest in and to the Patents and Related Patents (defined below) as specified in this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants and agreements of the Parties contained herein, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed as follows:

1. **Definition.** "Patents and Related Patents" shall mean the patents and patent applications listed in Exhibit A.

2. **Assignment of Patents and Related Patents.** Assignor hereby assigns to Assignee all right, title and interest to the Patents and Related Patents. Assignor and Assignee hereby agree to execute the form of Patent Assignment Agreement (the "Patent Assignment") attached as **Exhibit A** hereto, the terms of such Patent Assignment being fully incorporated herein. All of the rights, privileges including the benefits of any attorney client privilege or attorney work product privilege, title and interest in and to the Patents and Related Patents sold, transferred, assigned and set over to Assignee hereunder include all income, royalties, damages and payments now or hereafter due or payable with respect thereto, and the right to bring any claim, sue, counterclaim, and recover for the past, present and future infringement of the rights assigned hereunder.

3. **Limitations of Liability.** NO PARTY SHALL BE LIABLE TO ANY OTHER PARTY FOR ANY CONSEQUENTIAL, INCIDENTAL, SPECIAL OR PUNITIVE DAMAGES, OR FOR ANY COSTS OF COVER, LOSS OF PROFITS OR GOODWILL, OR INTERRUPTION OF BUSINESS, UNDER OR IN RELATION TO THIS AGREEMENT, WHETHER BASED ON BREACH OF WARRANTY, CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY OR ANY OTHER THEORY, AND WHETHER OR NOT THE PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

ASSIGNOR'S CUMULATIVE LIABILITY TO ASSIGNEE FOR BREACHES OF THIS AGREEMENT SHALL NOT EXCEED THE AMOUNT OF THE PAYMENT ACTUALLY RECEIVED BY ASSIGNORS FROM ASSIGNEE. IN NO EVENT SHALL ASSIGNORS HAVE ANY LIABILITY ON ACCOUNT OF ASSIGNEE'S INFRINGEMENT OF ANY THIRD PARTY PATENTS OR OTHER THIRD PARTY INTELLECTUAL PROPERTY RIGHTS.

4. **Consideration.** Assignee agrees to comply with and be bound by the terms and conditions of the Patent Assignment Agreement between Thomson Licensing SAS ("TLS") and Magnolia Licensing LLC, with an effective date of July 2, 2020 ("Prior Agreement"), including that the Contingency Payments referenced in the Prior Agreement will continue to be due to TLS. Assignee also understands and acknowledges that Assignor or prior owners may have granted licenses, covenants not to sue, releases, and other encumbrances with respect to the Patents and Related Patents ("Patent Encumbrances"). Assignee expressly agrees to be bound by and take the Patents and Related Patents subject to all such Patent Encumbrances.

5. **Closing and Post-Closing.**

   a. **Notices.** All notices and communications hereunder shall be in writing and deemed given if delivered (a) personally, or (b) by overnight courier, or (c) by registered or certified mail (return receipt requested) or (d) by email to the parties at the following addresses (or at such other address for a party as shall be specified by like notice);

   If to the Assignor at:
   Lori LaPray – Managing Member
   Magnolia Licensing LLC
   13359 North Highway 183, Suite 406-733
   Austin, TX 78750
   info@ip-edge.com

   If to Assignee at:
   Lamplight Licensing LLC
   info@ip-edge.com

   b. **Entire Agreement.** This Agreement (including the Exhibits) constitutes the entire agreement of the parties regarding this transaction, and supersedes all other prior or contemporaneous agreements and understanding, both written and oral, among or between the parties with respect to the subject matter hereof.

   c. **No Third Party Beneficiaries.** This Agreement is for the exclusive benefit of the parties and is not intended to confer upon any other person any rights or remedies hereunder.

d. **Assignment**. This Agreement shall not be assigned by either party without the prior written consent of the other party; provided that (a) Assignee may assign its rights and obligations hereunder without the consent of Assignor so long as such Assignee shall assume all of the obligations of this Agreement; and (b) Assignor shall have the right to assign this Agreement in its entirety to any succeeding entity that acquires all or substantially all of the assets and/or stock entitled to vote of Assignor, so long as such succeeding entity is (1) not adverse to Assignee in any suit alleging infringement of one or both of the Patents and Related Patents at time of the acquisition.

e. **Confidentiality**. The contents of this Agreement, including its terms and conditions, are considered confidential. Neither party shall disclose the terms of the Agreement to a third party, without the prior written approval of the other party, except to legal, financial, accounting or other similar advisors, prospective and actual financiers or investors, and prospective and actual successors and assigns, who agree to keep the terms of this Agreement confidential. Notwithstanding any statement to the contrary, this provision shall not prevent Assignee from complying with court disclosure requirements (e.g. certificate of interested parties) nor shall it prevent Assignee from bringing suit in a court of its choice. In the event, a third party seeks to discover the terms of this Agreement through a court order, the party to whom the request or the terms has been made shall provide reasonable notice of the request to the other party to this Agreement and shall use its reasonable efforts to prevent the least disclosure of the terms of the Agreement permitted. Neither party will originate any publicity, news release, or other announcement, written or oral, whether to the public press, to stockholders, or otherwise, relating to this Agreement, to any amendment hereto or to performance hereunder or the existence of an arrangement between the parties without the prior written approval of the other party.

f. **Common Interest.** Both Parties acknowledge that there are shared common legal interests and that it is in both Parties common and individual interests to share certain confidential communications and information during the course of this Agreement. This Agreement memorializes the Parties' understanding that communications covered by the attorney-client privilege, work product immunity, or other privileges, are covered by a community of interest that exists between them with respect to the information shared under this Agreement. To the fullest extent permissible by law, the Parties intend that all applicable privileges and immunities are and will be preserved. From time to time, mutual interests of both Parties have been and will be best served by exchanging, whether orally or in writing, documents, factual materials, mental impressions, memoranda, interview reports, and other information (collectively, "Joint Materials"). These Joint Materials are protected from disclosure to adverse or other third parties as a result of attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges, immunities or confidentialities. This Agreement memorializes the Parties' understanding that such Joint Materials and related communications are covered by a community of interest that exists between them and that all applicable privileges and immunities have been, are, and will be preserved. No waiver of any privilege, doctrine, or other protection is or shall be implied by the exchange or disclosure of any information or documents in connection with any litigation matters, including without limitation

confidential information disclosed or received pursuant to this Agreement. Neither an inadvertent disclosure nor a purposeful disclosure pursuant to this Agreement or in connection with the transactions contemplated hereby shall constitute a waiver of any privilege or protection of any Party. Upon the discovery of any inadvertent disclosure of confidential information, each Party shall undertake best efforts to restore the confidentiality, privilege, and/or immunity to that disclosed confidential information, including the retrieval of all copies thereof. If any third party requests or demands, by subpoena or otherwise, any confidential information from Recipient or any of its representatives, contractors, consultants, partners, officers, employees, and agents, Recipient shall (i) immediately notify Discloser in writing of the request or demand to permit Discloser to assert and protect any applicable rights and privileges with respect to such materials, and (ii) decline to produce the requested confidential information unless any applicable privilege or protection is waived by the person(s) entitled to such privilege or protection or to whom such privilege or protection belong(s). Neither Recipient nor any of its representatives, contractors, consultants, partners, officers, employees, and agents may at any time waive any privileges or protections relating to Discloser's confidential information without the prior written consent of Discloser. Recipient shall take all reasonable steps necessary to permit the assertion of all applicable rights and privileges with respect to Discloser's confidential information and shall cooperate fully with Discloser in any proceeding relating to any disclosure of confidential information. In the event that a Court, administrative body, or other competent authority finds that the sharing of information between the Parties amounts to a waiver of any otherwise applicable privilege, no Party that has complied with the terms of this Agreement shall have any liability whatsoever to the other Party with respect to the waiver of privilege.

g. **Counterparts.** This Agreement may be executed in counterparts, and such counterparts may be exchanged via electronic transmission. Each such counterpart shall be deemed an original, and all of which taken together shall be deemed a single document.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be duly executed as of the day and year first above written.

    **ASSIGNOR: Magnolia Licensing LLC**

    By: _/s/ Lori LaPray_

    Name: Lori LaPray

    Title: Managing Member

    Date: _11/18/2021_

**ASSIGNEE: Lamplight Licensing LLC**

By: *Sally Pugal* (signature)

Name: Sally Pugal

Title: Managing Member

Date: 11/19/2021

LAMPLIGHT0189

Confidential

Exhibit A

| Country | Filing Date | Filing Number | Publication Date | Publication Number | Grant Date | Grant Number |
|---|---|---|---|---|---|---|
| US | 6/12/2013 | 13/915860 | | | 7/25/2017 | 9716393 |
| US | 3/12/2013 | 61/777445 | | | | |

Exhibit A

# PATENT ASSIGNMENT

For good and valuable consideration, the receipt of which is hereby acknowledged, Magnolia Licensing LLC, a limited liability company organized under the State of Texas having its offices at 13359 North Highway 183, Suite 406-733, Austin, TX 78750 ("*Assignor*"), does hereby assign, transfer, and convey unto Lamplight Licensing LLC, a Texas limited liability company, having an address at 3571 Far West Blvd #3144, Austin, TX 78731, ("*Assignee*"), or its designees, all right, title, and interest that exist today and may exist in the future in and to any and all of the following (collectively, the "*Patent Rights*"):

(a) the patent applications and patents listed in the table below (the "*Patents and Related Patents*");

| Country | Filing Date | Filing Number | Publication Date | Publication Number | Grant Date | Grant Number |
|---|---|---|---|---|---|---|
| US | 6/12/2013 | 13/915860 | | | 7/25/2017 | 9716393 |
| US | 3/12/2013 | 61/777445 | | | | |

(b) all right, title and interest to the Patents and Related Patents;

(c) all of the rights, privileges including the benefits of any attorney client privilege or attorney work product privilege, title and interest in and to the Patents and Related Patents sold, transferred, assigned and set over to Assignee hereunder including all income, royalties, damages and payments now or hereafter due or payable with respect thereto; and

(d) the right to bring any claim, sue, counterclaim, and recover for the past, present and future infringement of the rights assigned hereunder.

ASSIGNOR: Magnolia Licensing LLC

By: _____[signature]_____

Name: Lori LaPray

Title: Managing Member

Date: 11/18/2021

Exhibit A

**ASSIGNEE: Lamplight Licensing LLC**

By: _/s/ Sally Pugal_

Name: Sally Pugal

Title: Managing Member

Date: 11/19/2021

LAMPLIGHT0192

Confidential