# APPENDIX
# EXHIBIT NN

November 20, 2021 ("Effective Date")

Sally Pugal
Managing Member
Lamplight Licensing LLC
3571 Far West Blvd #3144
Austin, TX 78731

Re: Consulting Services

Dear Ms. Pugal:

This agreement confirms that **LAMPLIGHT LICENSING LLC** ("Client"), a limited liability corporation organized under the laws of Texas, with a principal place of business at **3571 Far West Blvd #3144 Austin, TX 78731**, is engaging **MAVEXAR LLC** ("Consulting Company"), a limited liability company incorporated under the laws of Texas, having its principal place office at **2150 S. Central Expressway, Suite 200, McKinney, TX 75070** to provide consulting services provided by the terms and conditions below.

I.  **RESPONSIBILITIES**

The Consulting Company shall provide non-legal services, including one or more of the following: (a) identify companies that potentially infringe on the rights covered by the patents owned by Client ("the Patents"), (b) assist Client in monetizing the Patents; (c) assist in identifying products and/or services covered by the Patents; (d) select and negotiate rates to enable retention of counsel; and (e) manage counsel as necessary during the course of litigation and licensing efforts.

Client understands that Consulting Company is not a law firm, accounting firm, tax advisory, or the like. Client will seek appropriate third party accounting, tax, legal or similar advisory services. Client agrees to maintain clear and exclusive title to the Patents, and not incur any liens, encumbrances, or third party claims with respect to the Patents.

The parties understand that Consulting Company is not a fiduciary of Client, and will act as an independent contractor. In addition, Consulting Company is not an affiliate of Client, and does not control, directly or indirectly, Client.

Both parties agree to take all reasonable actions required to maintain confidentiality of this Agreement and of any information disclosed throughout the term of this Agreement. Both companies agree to maintain all financial and other records,

sufficient for determining each party's respective obligations under this Agreement. Such records of each party shall be promptly made available to the other party via written request from the requesting party.

## II.   COMPENSATION

Client agrees that all Gross Recoveries shall be deposited into a lawyer's trust account (IOLTA account) designated by Consulting Company. Client agrees that Consulting Company shall be reimbursed for all Costs and Expenses from Gross Recoveries. In exchange for the services provided by Consulting Company in the first paragraph of Section I of this Agreement, Client agrees to pay and Consulting Company shall be paid from Net Proceeds ("Consulting Fee"), in accordance to the percentages shown in the chart below:

|  | Consulting Company | Client |
| --- | --- | --- |
| Net Proceeds | As agreed by Client and Consulting Company | As agreed by Client and Consulting Company |

"Gross Recovery" or "Gross Recoveries" is defined as the gross amount of any monies and other forms of consideration received through monetization of the Patents. Gross Recovery shall include, without limitation, any and all settlement fees, licensing fees, fees from a sale, or other payment from other transactions, as well as, any other proceeds (including assets) related to the Patents.

"Net Proceeds" is defined as Gross Recovery minus Costs and Expenses. Costs and Expenses include all costs and expenses incurred in relation to obtaining, creating, defending, or maintaining the Patents or monetization efforts such as (1) Litigation Costs incurred in connection with the monetization, licensing and/or enforcement of the Patents; (2) consulting and expert fees (e.g., infringement expert, validity expert, technical expert, damages expert(s)) and incurred in connection with the monetization, licensing and/or enforcement of the Patents; (3) reasonably-related costs incurred in relation to monetizing the Patents (e.g., incorporation fees, travel fees, hotel fees) before or after the Effective Date of this Agreement;(4) acquisition costs; (5) backend payments to any prior owners or prior consultants; (6) prosecution and other costs in relation to the monetization of the Patents before or after the Effective Date of this Agreement; and (7) costs and fees associated with any adversarial proceeding relating to the Patents, including but not limited to Inter Parties Review and reexaminations. Net Proceeds resulting from Consulting Company efforts undertaken during the term of this Agreement, but received after the term of this Agreement shall be deemed to have been received during the term of this Agreement and shall be distributed in the manner described above, regardless of whether the Patents are still owned by Client at the time the proceeds are received.

"Litigation Costs" is defined as costs reasonably incurred, during the term of this Agreement, including but not limited to litigation and local counsel fees, whether on an hourly or contingent-fee basis, filing fees, court-ordered mediation fees, subpoena service fees, deposition transcripts, long-distance telephone charges, document retrieval and copying costs, attorneys' travel expenses, legal research and database fees, investigator fees, witness fees, expert fees, alternative dispute resolution fees, arbitration fees, deposition videos and transcripts and copy fees, fees associated with technical and graphic support for exhibiting videos and exhibits to the court and jury, and graphic design and construction fees for exhibits.

### III. COSTS AND EXPENSES

Client is the sole owner and final decision maker on any and all decisions relating, either directly or indirectly, to the prosecution, litigation, licensing, and, more generally, monetization of the Patents.

For all Costs and Expenses relating to the monetization of the Patents, Consulting Company shall advance such Costs and Expenses as one or more loans to Client. Such loans are reimbursable from Gross Recovery. In the event any such loan is not paid back in full from Gross Recovery, Client shall be responsible for full payment of all such loans. If Client fails to make such payment within 30 days following the termination of the final litigation filed pursuant to this Agreement, Consulting Company shall have all available recourse pursuant to law to obtain recovery for such loans.

Further, upon execution of this agreement, Client hereby grants to Consulting Company a lien on any Gross Recovery, to the full extent permitted by Texas law, to secure Consulting Company's Costs and Expenses reimbursable in accordance with this agreement.

Each Party shall bear its own costs and expenses relating to this engagement, including travel and office expenses such as copying, telephone, faxing, internet, etc.

Each party's reasonable costs and expenses related to the monetization and licensing of the Patents (*e.g.*, incorporation costs) are reimbursable from Gross Recovery received after the date that such cost and expenses are incurred.

### IV. TERMINATION

In the event of a material breach on part of Client, Consulting Company may terminate this Agreement, provided Consulting Company provides Client with an opportunity to cure such material breach within ten (10) days, and provided that there is ten (10) days of written notice to Client prior to the termination. In the event of such a termination, Client shall remain responsible for and pay the Consulting Fee to the Consulting Company as required by this Agreement.

In the event of a material breach on part of the Consulting Company, Client may terminate this Agreement, provided Client provides Consulting Company with an opportunity to cure such material breach within ten (10) days, and provided that there is ten (10) days of written notice to the Consulting Company prior to the termination. In the event of such a termination, Client shall pay, to Consulting Company, the amount of any unpaid Consulting Fee received prior to the breach, minus any damages directly resulting from the breach.

In the event Client sells or transfers a portion or all of the right, title, and interest in the Patents for non-monetary consideration, all provisions of Section VI shall survive and transfer with the right, title and interest in the Patents, and be binding upon the respective successors, permitted assigns, heirs, beneficiaries and personal representatives and any other party with right, title, and interest in the Patents.

At any time during the term or after termination of this Agreement, Consulting Company may request and Client shall furnish a record of all costs, expenses, revenues, and other financial data, incurred or received as of the date of any such request.

V.   **MISCELLANEOUS**

   a. This Agreement memorializes the parties' understanding that communications covered by the attorney-client privilege, work product immunity, or other privileges, are covered by a community of interest that exists between them with respect to the services provided under this Agreement. The parties intend that all applicable privileges and immunities are and will be preserved.
   b. This Agreement may not be assigned by either party without the written consent of the other party.
   c. Client understands and acknowledges that any efforts or legal action to enforce the Patents present the risk that at least one of the Patents may be found invalid or unenforceable. Consulting Company shall not be liable if any of the aforementioned risks materializes. Consulting Company shall not be liable for any consequential, incidental, indirect or special damages regardless of the form of action arising from or relating to this Agreement. In no event shall Consulting Company's liability under this Agreement exceed the amount of payments paid under this Agreement.
   d. This Agreement represents the complete and exclusive statement of mutual understanding of the Parties and supersedes and cancels all previous and contemporaneous written and oral agreements and communications relating to the subject matter of this Agreement,

   including but not limited to any and all term sheets exchanged between the Parties.

  e. This Agreement shall inure to the benefit of, and be binding upon the respective successors, permitted assigns, heirs, beneficiaries and personal representatives of the Parties.

**VI. Confidentiality and Common Interest**

  a. The parties to this Agreement agree to not disclose the conditions and/or existence of this Agreement without prior written consent from the other party. Client further agrees to immediately notify Consulting Company of any contact made by the press, media, or any other third party regarding this matter, the Patent, and other licensing, litigation, and monetization activities relating to the Patent.

  b. Both Consulting Company and client acknowledge that there are shared common legal interests and that it is in both parties common and individual interests to share certain confidential communications and information during the course of this engagement.

  c. From time to time, mutual interests of both parties have been and will be best served by exchanging, whether orally or in writing, documents, factual materials, mental impressions, memoranda, interview reports, and other information (collectively, "Joint Materials").

  d. These Joint Materials are protected from disclosure to adverse or other parties as a result of attorney-client privilege, the attorney work-product doctrine, and/or other applicable privileges, immunities or confidentialities.

  e. This Agreement memorializes the parties' understanding that such joint materials and related communications are covered by a community of interest that exists between them and that all applicable privileges and immunities have been, are, and will be preserved.

## SIGNATURE PAGE

We look forward to working with you. Please sign below and return an executed copy to us.

Yours truly,

Mavexar LLC

By: *Sanjay Pant*
Sanjay Pant
Managing Member
Mavexar LLC
2150 S. Central Expressway, Suite 200
McKinney, TX 75070

## Acknowledged and Agreed:

Lamplight Licensing LLC (Client)

By: *Sally Pugal*
Sally Pugal
Managing Member
Lamplight Licensing LLC
3571 Far West Blvd #3144
Austin, TX 78731

Date Signed: 11/20/2021